SCOTT PACTOR
LAW OFFICE OF SCOTT PACTOR
California State Bar No. 216629
110 W "C" St. ste. 2108
San Diego, CA. 92101

*Attorney for Defendant Ramond Andrew Dizon*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE ROGER T. BENITEZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>RAMOND ANDREW DIZON,<br>Defendant | Date: April 21st, 2008<br>Time: 2:00 PM<br>**MEMORANDUM OF POINTS AND AUTHORITIES** |

I.

**STATEMENT OF FACTS**

Mr. Dizon is charged in Count 3 of the indictment with a Conspiracy to distribute cocaine along with defendant Karl Murrah. Mr. Dizon has received no discovery, and his phone call to the United States Attorney regarding discovery have gone unreturned.

**II.**

**MOTION TO COMPEL THE PRODUCTION OF DISCOVERY**

Mr. Dizon makes the following discovery motion pursuant to Rule 12(b)(4) and Rule 16. This request is not limited to those items that the prosecutor has actual knowledge of, but rather includes all discovery listed below that is "in the possession,

custody, or control of any federal agency participating in the same investigation of the defendant." United States v. Bryan, 868 F. 2d 1032, 1036(9th Cir.); *cert. denied* 493 U.S. 858(1989).

1. Mr. Dizon's Statements. The government must disclose: (1) copies of any written or recorded statements made by Mr. Dizon; (2) copies of any written record containing the substance of any statements made by Mr. Dizon in response to interrogation by a known government agent; and (3) the substance of any statements made by Mr. Dizon which the government intends to use, for any purpose, at trial. *See* Fed. R. Crim. P. 16(a)(1)(A).

2. Mr. Dizon's Prior Record. Mr. Dizon requests disclosure of his prior record. *See* Fed. R. Crim. P. 16(a)(1)(B).

3. Documents and Tangible Objects. Mr. Dizon requests the opportunity to inspect, copy, and photograph all documents and tangible objects which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to him. *See* Fed. R. Crim. P. 16(a)(1)(C).

4. Reports of Scientific Tests or Examinations. Mr. Dizon requests the reports of all tests and examinations which are material to the preparation of the defense or are intended for use by the government at trial. *See* Fed. R. Crim. P.

16(a)(1)(D). Mr. Dizon requests any fingerprint analyses which may have been produced.

5. Expert Witnesses. Mr. Dizon requests the name and qualifications of any person that the government intends to call as an expert witness. *See* Fed. R. Crim. P. 16(a)(1)(E). In addition, Mr. Dizon request written summaries describing the bases and reasons for the expert's opinion. *See* id. This request specifically includes any fingerprint experts.

6. *Brady* Material. Mr. Dizon requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt or punishment. *See* Brady v. Maryland, 373 U.S. 83 (1963). Impeachment evidence falls within the definition of evidence favorable to the accused, and therefore Mr. Dizon requests disclosure of any impeachment evidence concerning any of the government's potential witnesses, including prior convictions and other evidence of criminal conduct. *See* United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976). In addition, Mr. Dizon requests any evidence tending to show that a prospective government witness:

(i) Is biased or prejudiced against the defendant;

(ii) Has a motive to falsify or distort his or her testimony;

(iii) Is unable to perceive, remember, communicate, or tell the truth; or

(iv) Has used narcotics or other controlled substances, or has been an alcoholic.

7. Request for Preservation of Evidence. Mr. Dizon specifically requests the preservation of all physical or documentary evidence that may be destroyed, lost, or otherwise put out of the possession, custody or care of the government and which relate to the arrest or the events leading to the arrest in this case.

8. Any Proposed 404(b) Evidence. "[U]pon request of the accused, the prosecution… shall provide reasonable notice in advance of trial… of the general nature" of any evidence the government proposes to introduce under Rule 404(b). Fed. R. Evid. 404(b). Mr. Dizon request such notice two weeks before trial in order to allow for adequate trial preparation.

9. Jencks Act Material. Mr. Dizon request production in advance of trial all material discoverable pursuant to the Jencks Act, 18 U.S.C. sec. 3500. Advance production will avoid needless delays at pretrial hearings and at trial. This request includes any rough notes taken by the agents in this case; these notes must be produced pursuant to 18 U.S.C. sec. 3500(e)(1). This request also includes production of transcripts of the testimony of any witness before the grand jury. *See* 18 U.S.C. sec. 3500(e)(3). Jencks statements must be produced at a suppression hearing. *See* Fed. R. Crim. P. 12(i) and 26.2(g). Mr.

Dizon requesst production of such material before any suppression hearing in order to avoid delay at the hearing.

10. Residual Request. Mr. Dizon intends this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Dizon requests that the government provid e him and his attorney with the above requested material sufficiently in advance of trial.

11. Wiretap Materials. Mr. Dizon anticipates a significant amount of wire tap evidence in this case.

12. Government Examination of Law Enforcement Personnel Files. Mr. Dizon requests that the Government review the personnel files of any testifying law enforcement officers for evidence of perjuries misconduct of complaints of dishonest pursuant to United States v. Henthorn, 931 F. 2d 29(1991).

**III.**

**THE COURT SHOULD GRANT LEAVE TO FILE FURTHER MOTIONS**

Mr. Dizon has yet to receive any discovery in this case. He would request a motions setting date in the future. This case may also need to be declared “complex” depending on the amount of discovery involved.

IV.

**CONCLUSION**

For the foregoing reasons, Mr. Dizon respectfully requests that the Court order the government to produce discovery and preserve evidence and grant leave to file further motions.

Respectfully Submitted,

/s Scott Pactor

Dated: April 9th, 2008

Scott Pactor
*Attorney for*
*Andy Dizon*