KAREN P. HEWITT
United States Attorney
TIMOTHY F. SALEL
Assistant United States Attorney
California Bar No. 163597
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6074
Facsimile: (619) 557-3445
E-mail: timothy.salel@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAMOND ANDREW DIZON,<br><br>Defendant. | Criminal Case No. 08CR0508-BEN<br><br>DATE: April 21, 2008<br>TIME: 2:00 p.m.<br><br>GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:<br>(1) COMPEL DISCOVERY / PRESERVE EVIDENCE; AND<br>(2) GRANT LEAVE TO FILE FURTHER MOTIONS<br>TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES AND THE GOVERNMENT'S MOTIONS TO:<br>(1) COMPEL PRODUCTION OF RECIPROCAL DISCOVERY |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Timothy F. Salel, Assistant United States Attorney, and hereby files its response and opposition to the above-referenced motions.

As discussed further, the Government will comply with all discovery obligations -- including those governed by Rule 16 of the Federal Rules of Criminal Procedure, the Jencks Act (18 U.S.C. § 3500), and Brady v. Maryland, 373 U.S. 83 (1963) -- and anticipates that most, if not all, discovery issues can be resolved amicably and informally. The Government has no objection to the Court granting leave to file further motions based on new information and requests reciprocal discovery from Defendant.

I

**STATEMENT OF FACTS**

On February 22, 2007, Defendant RAMOND ANDREW DIZON was indicted by a federal grand jury and charged in Criminal Case No. 08CR0508-BEN-BEN with (1) conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, (2) distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), and (3) criminal forfeiture under 21 U.S.C. §§ 853. Defendant is also charged in Criminal Case No. 08CR0511-BEN with (1) conspiracy to distribute hydrocodone bitartrate and oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 846, (2) distribution of hydrocodone bitartrate in violation of 21 U.S.C. § 841(a)(1), and (3) criminal forfeiture under 21 U.S.C. §§ 853. Defendant pled not guilty to all charges and the Government is in the process of complying with its discovery obligations.

II

**DISCUSSION**

**A. The Government Will Comply With All Discovery Obligations**

**(1) Defendant's Statements**

The Government recognizes its obligation under Rules[1/] 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements. This includes all recorded statements made by Defendant. If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be promptly provided to Defendant.

The Government has no objection to the preservation of any handwritten notes taken by any of the agents. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their notes of interviews of an accused or prospective government witnesses). However, the Government objects to providing Defendant with a copy of any rough notes at this time. Rule 16(a)(1)(A) does not require disclosure of rough notes where the content of those notes have been accurately reflected in a type-written report. See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v.

---

[1/] Unless otherwise noted, all references to "Rules" refers to the Federal Rules of Criminal Procedure.

Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report). The Government is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). It is unclear whether any rough notes in this case constitute "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were scattered and all the information contained in the notes was available in other forms). Any notes would not be Brady material if the notes do not present any material exculpatory information, or any evidence favorable to Defendant that is material to guilt or punishment. Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was insufficient). If the Government determines that the rough notes are discoverable under Rule 16, the Jencks Act, or Brady, the rough notes will be provided to Defendant.

**(2) Prior Record**

Pursuant to Rule 16(a)(1)(D), the Government will provide defendant with a copy of his rap sheet and other documents (such as charging documents plea agreements, and judgments) reflecting his prior criminal record. See United States v. Audelo-Sanchez, 923 F.2d 129 (9th Cir. 1990).

**(3) Documents and Objects**

The Government will comply with Rule 16(a)(1)(E) in providing copies of documents and allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy books, papers, documents, photographs, tape recordings, videotapes, and tangible objects that are within its possession, custody, or control, and that are either material to the preparation of Defendant's defense, or is intended for use by the United States as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant. The Government need not, however, produce rebuttal evidence in

advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

**(4) Reports of Scientific Tests or Examinations**

The Government will provide Defendant with any reports of any tests or examinations in accordance with Rule 16(a)(1)(F). This includes the DEA laboratory reports (Form DEA 7) regarding the analysis of the drugs seized in this case.

**(5) Expert Witnesses**

The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This shall include the expert witnesses' qualifications, the expert witnesses opinions, the bases and reasons for those opinions.

**(6) Brady Material**

The Government will perform its duty under Brady to disclose material exculpatory information or evidence favorable to Defendant when such evidence is material to guilt or punishment. The Government recognizes that its obligation under Brady covers not only exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on behalf of the United States. See Giglio v. United States, 405 U.S. 150, 154 (1972); United States v. Bagley, 473 U.S. 667, 676-77 (1985). This obligation also extends to evidence that was not requested by the defense. Bagley, 473 U.S. at 682; United States v. Agurs, 427 U.S. 97, 107-10 (1976). "Evidence is material, and must be disclosed (pursuant to Brady), 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Carriger v. Stewart, 132 F.3d 463, 479 (9th Cir. 1997) (en banc). The final determination of materiality is based on the "suppressed evidence considered collectively, not item by item." Kyles v. Whitley, 514 U.S. 419, 436-37 (1995).

Brady does not, however, mandate that the Government open all of its files for discovery. See United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000)(per curiam). Under Brady, the Government is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (see United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002); (2) evidence available to the defendant from other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that the

defendant already possesses (see United States v. Mikaelian, 168 F.3d 380-389-90 (9th Cir. 1999) amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the undersigned Assistant U.S. Attorney could not reasonably be imputed to have knowledge or control over. See United States v. Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001). Brady does not require the Government "to create exculpatory evidence that does not exist," United States v. Sukumolahan, 610 F.2d 685, 687 (9th Cir. 1980), but only requires that the Government "supply a defendant with exculpatory information of which it is aware." United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976).

**(7) Preservation of Evidence**

The Government recognizes that the Constitution requires the Government to preserve evidence "that might be expected to play a significant role in the suspect's defense." California v. Trombetta, 467 U.S. 479, 488 (1984). To require preservation by the Government, such evidence must (1) "possess an exculpatory value that was apparent before the evidence was destroyed," and (2) "be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." Id. at 489; see also Cooper v. Calderon, 255 F.3d 1104, 1113-14 (9th Cir. 2001). The Government will make every effort to preserve evidence it deems to be relevant and material to this case.

**(8) 404(b) Evidence**

The Government will disclose in advance of trial, the general nature of any "other bad acts" evidence that the United States intends to introduce at trial pursuant to Fed. R. Evid. 404(b). However, the Government notes that evidence should not be treated as "other bad acts" evidence under Fed. R. Evid. 404(b) when the evidence concerning the other bad acts and the evidence concerning the crime charged are "inextricably intertwined." See United States v. Soliman, 812 F.2d 277, 279 (9th Cir. 1987).

**(9) Jencks Act Material**

Rule 26.2 incorporates the Jencks Act, 18 U.S.C. § 3500, into the Federal Rules of Criminal Procedure. The Jencks Act requires that, after a Government witness has testified on direct examination, the Government must give the Defendant any "statement" (as defined by the Jencks Act) in the Government's possession that was made by the witness relating to the subject matter to which the

witness testified. 18 U.S.C. § 3500(b). For purposes of the Jencks Act, a "statement" is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e). If notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks Act. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991)(citing Goldberg v. United States, 425 U.S. 94, 98 (1976)).

**(10) Residual Request**

The Government will comply with all of its discovery obligation s, but objects to the broad and unspecified nature of Defendant's residual discovery request.

**(11) Wiretap Materials**

Provided that defense counsel signs the joint motions for a protective order and limited use and non-disclosure of the line sheets, the Government will provide defendant with all pertinent wiretap materials that are subject to its discovery obligations including the relevant applications, affidavits, orders, recordings, and line sheets.

**(12) Personnel Records of Government Agents**

The Government will comply with United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the United States intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. United States v. Booth, 309 F.3d 566, 574 (9th Cir. 2002)(citing United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992). If the undersigned Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel files is "material," the information will be submitted to the Court for an in camera inspection and review.

**B. The Government Has No Opposition To Further Motions Based On New Information**

The Government does not object to the granting of leave to allow Defendant file further motions as long as the additional motions are based on newly discovered evidence or discovery provided by the Government subsequent to the instant motion at issue.

## III

## GOVERNMENT'S MOTION TO COMPEL RECIPROCAL DISCOVERY

**A. All Evidence That Defendant Intends To Introduce In His Case-In-Chief**

Since the Government will honor Defendant's requests for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to Rule 16(b)(1), requests that Defendant permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom he intends to call as a witness. The Government also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is entitled.

**B. Reciprocal Jencks – Statements By Defense Witnesses**

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by a defendant. The time frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified. However, to expedite trial proceedings, the Government hereby requests that Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are

memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

## IV

## CONCLUSION

For the reasons stated herein, the Government respectfully requests that this Court deny Defendant's motions to compel production of discovery and grant leave to file further motions, except where unopposed, and grant the Government's motions to compel production of reciprocal discovery.

Dated: April 14, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

*/s/ TIMOTHY F. SALEL*
TIMOTHY F. SALEL
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>RAMOND ANDREW DIZON,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 08CR0508-BEN<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

I, Timothy F. Salel, am a citizen of the United States over the age of 18 years and a resident of San Diego County, CA; my business address is 880 Front Street, San Diego, CA 92101-8893; I am not a party to the above-entitled action.

I have caused service of **Government's Response and Opposition To Defendant's Motions To Compel Production of Discovery and To Grant Leave To File Further Motions, and the Government's Motion To Compel Reciprocal Discovery**, on the following party, by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies the following parties at the following e-mail addresses:

Scott Pactor at scottpactor@yahoo.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed: April 14, 2008

/s/ *TIMOTHY F. SALEL*
TIMOTHY F. SALEL
Assistant U.S. Attorney
E-mail: timothy.salel@usdoj.gov